**TING HE WANG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–2606–ag.

United States Court of Appeals,
Second Circuit.

April 17, 2007.

Michael Brown, New York, NY, for Petitioner.

Kohsei Ugumori, Office of Immigration Litigation, United States Department of

Justice, Washington D.C. (Laura Thomas Rivero, Assistant United States Attorney, Anne R. Schultz, Chief, Appellate Division, Lisa A. Hirsch, Assistant United States Attorney, on the brief, for R. Alexander Acosta, United States Attorney for the Southern District of Florida, Miami, Florida), for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, Circuit Judges, and Hon. P. KEVIN CASTEL, District Judge.*

## SUMMARY ORDER

Petitioner Ting He Wang, a citizen of the People's Republic of China, seeks review of a May 12, 2006 order of the BIA denying his motion to remand for consideration of relief under Article 3 of the Convention Against Torture ("CAT") and affirming the October 20, 2004 decision of Immigration Judge ("IJ") Phillip Morace denying his application for asylum and withholding of removal. *In re Ting He Wang*, No. A77 911 571 (B.I.A. May 12, 2006), *aff'g* No. A77 911 571 (Immig. Ct. N.Y. City Oct. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, "the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA." *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66,

73 & n. 7 (2d Cir.2004). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted).

■ Here, a reasonable adjudicator would not be compelled to overturn the IJ's adverse credibility determination. Substantial evidence supports the IJ's finding that Wang testified inconsistently with his documentary evidence. While Wang testified that he had only two children, a son born in March 1989 and a daughter born in October 1994, the alleged abortion certificate he submitted indicated that by October 1992 he already had "a boy and a girl." The IJ reasonably considered and rejected his explanation that there was a mistake on the document. Further, Wang's testimony and the documentary evidence were not consistent in the identification of the hospital where his wife allegedly had the forced abortion.

In addition, Wang's testimony that he worked in other provinces and visited his wife only infrequently after she went into hiding was contradicted by a statement in his application, which indicated that he lived with her and "didn't dare go out" while she was in hiding. This discrepancy is material to Wang's claim of fear of persecution because it suggests that he was able to work unharmed in China for an extended period of time before coming to the United States.

An applicant's failure to corroborate his or her testimony may also bear on credibil-

* The Honorable P. Kevin Castel, United States District Court Judge for the Southern District of New York, sitting by designation.

ity, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, the IJ gave Wang three continuances specifically for the purpose of securing corroborative documents, but he did not. Although the IJ was not required to do so, he listed documents that could have corroborated Wang's claims, noting that there was "no household registration, there was no original birth certificate, there was no abortion certificate or hospitals records that we can give weight to."

 Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he necessarily failed to meet the higher standard required for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–6 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Finally, we do not review Wang's CAT claim because the agency did not reach the merits of it, and Wang does not argue on appeal that the BIA abused its discretion in declining to remand the claim. Therefore, any challenge to that decision is waived. *Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal previously granted in this petition is VACATED, and any pending motion for a stay of removal is DENIED.